In re Dennis Robert JOYCE, District Justice In and For Magisterial District 05-2-23.

No. 2 JD 97.

Court of Judicial Discipline of Pennsylvania.

April 2, 1998.

## ORDER OF SANCTION

PER CURIAM.

**AND NOW,** this 2nd day of April, 1998, the Court, having conducted a Sanction Hearing on March 17, 1998, now **DECLARES**

That however common and routine the practice of tampering with the disposition of Motor Vehicle Code violations including traffic tickets may have been in earlier eras, the practice is in the present time repellent to principles of equal justice under the law for all citizens,

That a *"fix"* may not be cloaked as a *"favor"* or a *"break"*, for even the least

perversion of the process of lawful disposition of traffic offenses befouls the justice system, and venalizes the offender, the district justice, those court personnel who observe the tampering, and those members of the public who learn of it from the offender,

That the practice of tampering with the lawful disposition of traffic offenses can no longer be an accepted phenomenon of society, for the knowing wink must be eliminated as an option of the traffic offender, and the lawful administration of the traffic docket of all district justices must henceforth be maintained or severe sanctions will follow,

OPINES that there is sound basis for the recommendation of the Judicial Conduct Board in this case that this Court proceed to imposition of the **SANCTION OF A REPRIMAND** upon this respondent for the following reasons:

That respondent has for 16 years carried out the duties of the office of District Justice in an exemplary manner,

That the respondent has been active in the civic affairs of his community and of the State District Justices Association,

That the practice of tampering with traffic offenses was demonstrated during recent criminal proceedings to have been a practice which was widespread in Allegheny County and in which a number of District Justices had engaged,

That, despite this widespread abuse in Allegheny County, this respondent and one other respondent are the only two District Justices who have been charged by the Judicial Conduct Board with tampering with the proper disposition of traffic offenses,

That, notwithstanding our clear condemnation of this type of conduct, the intercession with which respondent was charged implicated offenses under the Motor Vehicle Code—not the Criminal Code—and that intercession attempted to effect a favorable result for the offender rather than for the personal benefit of the respondent,

That the respondent demonstrated at the Bar of this Court a deep and sincere sense of regret and embarrassment for the shame which he has inflicted upon the judiciary, his family, and himself,

**AND CONCLUDES THAT**, respondent having violated the Rules Governing Standards of Conduct of District Justices specified in the Complaint of the Judicial Conduct Board, the recommendation of the Judicial Conduct Board shall be accepted and **THE SANCTION OF REPRIMAND** shall and hereby is imposed upon respondent.